UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHAWNTA LAMONT WARD,

*Defendant-Appellant.*

No. 00-4133

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-99-22)

Submitted: November 30, 2000

Decided: December 29, 2000

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

B. Thomas Reed, Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawnta Lamont Ward appeals his convictions for conspiracy to commit bank robbery and armed bank robbery by force or intimidation. We affirm.

The robbery occurred in Chesapeake, Virginia, on December 21, 1998. Demetrius Neely and Dedric Sherrod committed the robbery. Ward was intimately involved in planning the crime, and he drove the getaway car. The men were arrested within hours of the robbery, and Sherrod was interviewed by law enforcement agents that day. The prosecution disclosed this interview to defense counsel before trial. Both Sherrod and Neely entered guilty pleas and testified at Ward's trial. Counsel did not use Sherrod's December 21 statement, which was somewhat inconsistent with his trial testimony, to impeach Sherrod.

At sentencing, defense counsel learned for the first time that FBI Special Agent Harley had compiled a report based on notes he had taken during an April 15, 1999 interview with Sherrod. The report was consistent with Sherrod's trial testimony but not entirely consistent with the December 21 interview. Counsel moved for a mistrial, claiming that his cross-examination of Sherrod might have been different had he known of the existence of the second report. The district court denied the motion, finding that it was not exculpatory, impeaching, or material.

We conclude that the district court did not abuse its discretion in denying the motion for mistrial. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000) (standard of review). Due process requires that the government disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) (impeaching evidence); *Brady v. Maryland*, 373 U.S. 83, 86-88 (1963) (exculpatory evidence). Under this line of cases, due process is violated if the evidence in question: (1) is favorable to the defendant, either because it is exculpatory or impeaching; (2) was suppressed by the government; and (3) is material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Here, the statement, which was consistent with Sherrod's incriminating testimony, clearly was not exculpatory. Nor, because of its very consistency with his trial testimony, could it be considered to have impeaching value. The first *Strickler* criterion not being satisfied, we find that the district court did not abuse its discretion in denying the motion for mistrial.

Sherrod's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*